```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
```

HAYAT MASUDI,

      Plaintiff,          **ORDER TO SHOW CAUSE**
                      **09-CV-2411 (CBA)(LB)**
  - against -

WIRELESS CHANNELS INC.; WIRELESS
CHANNELS SERVICES INC.; BENJAMIN JOSEPH;
VISHWANATH KURUP; ATUL THAKUR; ABC
DISTRIBUTION INC.; AMERICAN CONNECTIONS
LLC; AJAY BHUMITRA; COMPACT GIANT LLC;
LAW OFFICES OF DAVID C. BERG; DOES 1-20;
YAACOV AMIR; and SIMON BOUHADANA,

      Defendants.

```
----------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

  Plaintiff, Hayat Masudi, a resident of New York, filed this *pro se* action against defendants invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. By letter dated November 10, 2009, plaintiff requests

> a pre-motion conference prior to moving this Court, (i) pursuant to 28 U.S.C. § 1441(a), and 42 U.S.C. § 1983, to transfer a related case from New York Supreme Court, Queens County to be consolidate[d] and to be heard in this Honorable Court; (ii) Pursuant to the provisions of Rule 55(b)(2) . . . entering a judgment of default against Defendants Atul Thakur and Compact Giant LLC.

Document 39. Defendants Wireless Channels, Inc. ("WCI"), Wireless Channels Services, Inc. ("WCSI"), Vishwanath Kurup, American Connections, LLC, Benjamin Joseph, and Ajay Bhumitra (collectively the "WCI Defendants") and The Law Offices of David C. Berg oppose plaintiff's request arguing, *inter alia*, that removal is improper because there is no basis for diversity jurisdiction. See Documents 40, 42, and 43. Plaintiff's request for a pre-motion conference and other relief cannot be considered for the following reasons.

Under 28 U.S.C. § 1332(a)(1) "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "It is well established that for a case to fit within [section 1332], there must be 'complete' diversity" between all plaintiffs and defendants. St. Paul Fire and Marine Insurance Co. v. Universal Builders Supply, 409 F.3d 73, 80 (2d Cir. 2005). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." Id.

The absence of complete diversity is non-waivable, and the Court must first decide that it has subject matter jurisdiction before adjudicating any matter in the case. Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001). Plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists, Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002), and the court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) at any time. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Plaintiff argues that "[t]here is minimal diversity because at least one defendant is citizens [sic] of different state." Amended Complaint ¶ 14. He states that "Defendant Wireless Channels Inc., is a Colorado resident, Defendants Atul Thakur and Compact Giant are New Jersey residents, Defendants Exxel Technologies, ABC Distribution, Yaacov Amir and Simon Bouhadana are Florida residents," and submits documents purportedly showing that Wireless Channels, Inc. is located in Colorado. Document 41.

Under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." According to defendants, WCSI, Bhumitra, Kurup, American Connections, LLC, and the Law Offices of David Berg are all citizens of New York. Document 40, 42, and 43. Defendants submit a copy of the New York State Department of State ("NYS DOS"), Division of

Corporations Entity Information, reflecting that WCSI's "principal executive office" is located in New York, and that American Connections, LLC is a New York limited liability company. Document 43.

Thus, even assuming, *ad arguendo*, that defendants Wireless Channels, Inc. Thakur, Compact Giant, Exxel Technologies, ABC Distribution, Amir and Bouhadana are citizens of states other than New York, there still would not be complete diversity between plaintiff and *all* of the defendants. Therefore, unless plaintiff demonstrates that there is complete diversity of citizenship between himself and all the defendants, there is no basis for subject matter jurisdiction and the case cannot proceed.

Accordingly, plaintiff is ordered to show cause by December 18, 2009, why this action should not be dismissed for lack of subject matter jurisdiction. If plaintiff fails to demonstrate that there is complete diversity of citizenship by this date, I shall recommend that this action should be dismissed for lack of subject matter jurisdiction. Defendants shall reply to plaintiff's response to this Order by January 8, 2010.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 25, 2009
       Brooklyn, New York